IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CEDASHA WALKER,[1] | § | No. 35, 2026 |
| | § | |
| Respondent Below, | § | Court Below—Family Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | File Nos. 25-07-2TK, 25-07-3TK, |
| | § | 25-07-4TK, and 25-07-5TK |
| DEPARTMENT OF SERVICES | § | |
| FOR CHILDREN, YOUTH AND | § | Petition Nos. 25-16590, 25-16607 |
| THEIR FAMILIES, DIVISION OF | § | 25-16616, and 25-16623 |
| FAMILY SERVICES, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: July 24, 2026
Decided: August 5, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's brief and the motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the responses, and the Family Court record, it appears to the Court that:

(1) The appellant ("Mother") filed this appeal from the Family Court's order terminating her parental rights as to her three children (the "children"). The Family Court's order also terminated the parental rights of the children's respective

---

[1] The Court previously assigned pseudonyms to the appellant pursuant to Supreme Court Rule 7(d).

fathers, one of whom never appeared for or participated in the proceedings and two of whom are deceased. We focus on the facts in the record as they relate to Mother's appeal.

(2)     In July 2024, a senior investigator from the Department of Services for Children, Youth and Their Families, Division of Family Services ("DFS") went to the home where Mother and the children had been living to investigate an urgent report about the children's welfare. Mother and the oldest child were not there. The younger two children, then approximately two and six years old, were there with Mother's significant other. The children were dirty and smelled of urine and other body odors; their feet were dark and grimy with dirt; and they had several red marks on their bodies. Dirty diapers and other trash were scattered throughout the interior of the home; the home smelled strongly of feces and urine; and cockroaches were inside the refrigerator. DFS filed for, and was granted, emergency custody of the children. The Family Court granted the petition. The Court appointed counsel for Mother, and the mandated hearings ensued.[2]

(3)     At the preliminary protective hearing, Mother stipulated that the children were dependent in her care because she did not have adequate housing for

---

[2] *See Kline v. Del. Div. Family Servs.*, 2023 WL 2259101, at *1 n.3 (Del. Feb. 28, 2023) ("When a child is removed from home by DFS and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules." (citing 13 *Del. C.* § 2514; DEL. FAM. CT. R. CIV. PROC. 212-19)).

them. The children were placed in foster care, and DFS worked with Mother to develop a case plan for reunification. Mother made little progress on her case plan over the next eleven months—for example, the housing situation deteriorated; Mother acknowledged daily illegal drug use and did not engage in offered treatment; she did not attend mental health treatment; she attended some visits with the children and missed others; and she did not complete the required parenting course. In June 2025, the Family Court approved DFS's request to change the plan from reunification to termination of parental rights ("TPR").

(4) DFS filed a TPR petition, and the Family Court scheduled a TPR hearing for September 15, 2025. At the hearing, Mother tendered her written consent to the termination of her parental rights. DFS stipulated to accept Mother's consent as the sole basis for termination so long as she did not rescind consent within the time permitted by statute,[3] but requested that the court nevertheless receive evidence on the failure to plan ground. The court engaged in a colloquy with Mother to ensure that she had an opportunity to consult with counsel as to consent; was not pressured or threatened to consent; understood her right to revoke consent; and understood that DFS would still have an opportunity to present evidence at the hearing as to failure

---

[3] *See* 13 *Del. C.* § 1106B(a)(1) (providing that a parent's consent to TPR may be revoked if "[w]ithin 14 days of executing the consent, the parent who executed the consent delivers written notification of revocation to the agency or individual to which the parental rights are to be transferred").

to plan, based on which the court would rule if Mother revoked consent. The court then accepted the consent. At her request, Mother was permitted to leave the hearing before evidence was presented, and her counsel was also excused from further participation in the hearing.

(5) Mother revoked her consent within the statutory period. The court therefore considered the evidence that had been presented and entered a written decision terminating Mother's parental rights on December 22, 2025. The Family Court found, by clear and convincing evidence, that Mother had failed to plan adequately for the children during the approximately fourteen months that they had been in DFS custody.[4] The court determined that DFS had made reasonable efforts toward reunification. Applying the best-interest factors,[5] the Family Court found that DFS had established, by clear and convincing evidence, that it was in the children's best interests to terminate Mother's parental rights.

(6) On appeal, Mother's counsel has filed an opening brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that, based upon a conscientious review of the record, there are no arguably appealable issues. Counsel provided Mother with a copy of the motion to withdraw and the accompanying brief and

---

[4] 13 *Del. C.* § 1103(a)(5)a.

[5] *See id.* § 1103(a) (providing that parental rights may be terminated if one of several statutory grounds is established and termination "appears to be in the child's best interest"); *id.* § 722 (setting forth factors that the court may consider when determining the best interests of a child).

informed her of the provisions of Rule 26.1(c) and her right to supplement counsel's presentation. Mother did not provide issues for the Court's consideration. DFS as appellee and the children's attorney from the Office of the Child Advocate have responded to the Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(7) Having carefully reviewed the record on appeal, we find that the Family Court's factual findings are supported by the record, and we can discern no error in the Family Court's application of the law to the facts. We therefore conclude that Mother's appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Mother's counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice